WILLS—CONSTRUCTION—MARRIAGE AND DEATH OF CHILD LEAVING ISSUE.
   A testator's will and codicils made specific bequests of money to his children, and disposed of his residuary estate among his wife and children. The last codicil provided, if the wife or any of the children were not living when the will took effect, the money bequeathed to them should be divided among the survivors. When this codicil was executed, none of testator's children were married, but before his death a son married and died, leaving issue. Held, that this was a contingency for which testator did not provide, and that the money bequeathed to the deceased son must go to testator's wife and surviving children, and not to the issue of the deceased son.

Matter of the judicial settlement of the account of Sarah Atwater Manning as sole acting executrix, etc., of Frederick Royal Manning, deceased.

J. R. Marcellus (G. G. Reynolds, of counsel), for executrix.
Joseph M. Allen, special guardian.

ABBOTT, S.   Frederick Royal Manning died on the 2d day of March, 1898. He left a last will and testament, dated June 7,

1888, with two codicils attached, dated, respectively, June 25, 1889, and March 11, 1892. At the time of the execution of these instruments, his wife and four children were all living, the children being unmarried. On December 19, 1893,—nearly two years after the execution of the last codicil to his will,—Frederick Arnold Manning, one of the sons of the testator, married, and on the 26th day of September, 1894, Morgan Arnold Manning was born of said marriage. On December 3, 1895, and prior to the death of the testator, his son Frederick Arnold Manning died. By item 5 of his will the testator gave and devised to his son Frederick Arnold Manning a tract of land situated in the county of Monroe, state of Iowa, and by item 6 he gave and devised to his executors a farm containing 712 acres, situated in the county of Wapello, in the state of Iowa, in trust to sell the same, and divide the proceeds equally between his three children, Sarah Rose Manning, Edgar Atwater Manning, and Marguerite Manning. He then directed that, in case any of the real estate already devised should pass from his possession during his lifetime, the money consideration received therefor should go to the individuals respectively named in items 5 and 6 of his will,—the proceeds of the real property described in item 5 to his son Frederick Arnold, and the proceeds of the real estate in item 6 to his other three children named in item 6. His residuary estate he disposed of as follows: To his wife, eight-thirtieths; to his son Dr. Frederick Arnold Manning, six-thirtieths; to his son Edgar Atwater Manning, six-thirtieths; to his daughter Sarah Rose Manning, five-thirtieths; to his daughter Marguerite Manning, five-thirtieths. These are the only portions of the will material to the issue before me. By his first codicil he recites the fact that he has sold the land devised to his son Frederick Arnold Manning by the fifth item of his will, and has realized the net sum of $3,000 therefor, and gives and bequeaths the said sum of $3,000 to his son Frederick in lieu of the realty so devised. He then provides that, in the distribution of his estate, securities held by him may be turned over to his legatees at their market value on account of their legacies. By the second codicil he recites the fact that he has sold the farm referred to in item 6 of his will, and gives to each of his three children, Sarah, Edgar, and Marguerite, the sum of $3,000 in lieu of the devise of land contained in his will. He then provides: "If my wife or any of my four children be not living at the time this will takes effect, the money bequeathed to them shall be divided among the survivors in the same proportion as other property specified in the will." No money was bequeathed by testator to his wife, either by the will or codicils, other than the general provisions for her out of the residuary estate. The above-quoted provision of the second codicil is the one which calls for interpretation. I am not unmindful of the principle laid down in the authorities cited by counsel for the infant Morgan Arnold Manning to the effect that, if a testamentary disposition be susceptible of two constructions, one of which will have the effect of disinheriting a lineal descendant of the testator and the other will give him a

share of the estate, the latter construction should be adopted by the court. Scott v. Guernsey, 48 N. Y. 106; Low v. Harmony, 72 N. Y. 414; In re Brown, 93 N. Y. 295; Stokes v. Weston, 142 N. Y. 439, 37 N. E. 515; In re Miller, 18 App. Div. 215, 45 N. Y. Supp. 956. I should have no difficulty in applying this rule of construction to the disposition in question if it had related exclusively to testator's four children, and had not also included testator's wife. It would be unreasonable to assume that the testator, in the same sentence, meant one thing by "money bequeathed" with reference to his wife, and another with reference to his children. It is true that the chief subject of each codicil was the land which had been specifically divided, and both were made for the purpose of substituting the proceeds of sale of land for the land itself, or rather for the purpose of specifying the amount realized upon the respective sale; and the quoted provision was apparently thrown in by way of parenthesis. At the time the second codicil was made, none of testator's children were married, and, had that condition of affairs continued, doubtless the limitation imposed would have accomplished exactly what the testator desired. I am of the opinion that it was the testator's intention, at the time the second codicil was executed, that the entire share of the estate of any child who predeceased him should pass to his wife and surviving children in the proportions specified in the residuary clause of his will. Doubtless he did not consider the contingency that one of his children might die before him, leaving issue surviving him; else he might have provided for that contingency. The difficulty is that he did not so provide. I understand it to be conceded that the infant takes a share of the gratuity fund of the New York Produce Exchange. As to the "new fund" created in item 10 of the will, equal in amount to the gratuity fund, that was disposed of by the will, and became a portion of the respective shares passing to the residuary legatees under item 8, and constitutes a part of the "money bequeathed" mentioned in the provision quoted. Let decree enter accordingly on two days' notice.

Decreed accordingly.